UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TAMMY DENSLOW,**

    **Plaintiff,**

v.                                              CASE No. 8:09-cv-1522-T-EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2006). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, the court may not decide the facts anew or substitute its judgment as to the weight of the

evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citation omitted).

If the Commissioner committed an error of law, the case must be remanded for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir.1987).

The medical and other evidence of record has been summarized in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

**Background**

Plaintiff filed an application for DIB on July 13, 2006, alleging disability beginning on April 18, 2006. (T 82)   The application was initially denied on October 10, 2006.  (T 50, 54). Plaintiff filed a request for reconsideration with the Commissioner (T 49), and on reconsideration, the Commissioner again denied Plaintiff's claim (T 46).  Plaintiff requested a hearing before an administrative law judge (T 43), and a hearing was held on March 11, 2008.  (T 9, 17, 68)  Forty-eight years old at the time of the hearing (T 20), Plaintiff has an eighth-grade education (T 21), and has prior work experience as a merchandise marker, receiving clerk, and stock clerk (T 21, 123, 165).

On October 31, 2008, an ALJ denied Plaintiff's application.  (T 6)  Although the ALJ determined that Plaintiff's severe impairments included a history of urinary stress incontinence, chronic cervical and lumbar strain, chronic pain syndrome, hypothyroidism, hypertension, gastroesophageal reflux disease, sinusitis, and obesity (T 12), these impairments, singularly or in combination, did not meet or medically equal one of the impairments listed in 20 C.F.R. pt. 404,

subpart P, app. 1. (T 13, 15) The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of medium work (T 13-14) and could return to her past relevant work as a merchandise marker and receiving clerk. (T 16) On June 10, 2009, the Appeals Council denied review of the ALJ's decision which then became the final decision of the Commissioner. (T 1, 81)

## Discussion

Plaintiff contends that the case should be remanded because: (1) the ALJ erred by failing to address Plaintiff's alleged sleep apnea; and (2) the ALJ's credibility determination is undermined by her failure to consider Plaintiff's alleged sleep apnea (Dkt. 18).

**1.    Plaintiff's Alleged Sleep Apnea**

The ALJ has a duty to develop a full and fair record. See, e.g., Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Plaintiff, however, "bears the burden of proving that [she] is disabled, and, consequently, [she] is responsible for producing evidence in support of [her] claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

The record makes only tangential references to Plaintiff's sleep apnea condition. The only medical records that mention sleep apnea are progress notes allegedly from Michael Dow, Ph.D. ("Dr. Dow") (T 335, 339), a mental-health professional treating Plaintiff for depression (T 35).[1]

---

[1] Tampa Family Health Center Progress Notes from March 13, 2008 contain the following references to sleep apnea: "Sleep is interrupted[.] Had a sleep study [and] was [diagnosed] with sleep apnea. She still has no CPAP machine." (T 335) Progress Notes from June 5, 2008 also reference sleep apnea: "just started a CPAP machine . . . [h]er sleep is disruptive [sic] [due] to sleep apnea." (T 339) The record does not conclusively establish that the March 13th or June 5th Progress Notes were made by Dr. Dow. Neither of the entries are signed by Dr. Dow, and the handwriting does not appear to match subsequent entries on which Dr. Dow's name and signature appear. (T 335, 337-43) Moreover, it is not evident that these records diagnose sleep apnea. Rather, the notes suggest that Plaintiff provided a history of sleep apnea.

During Plaintiff's hearing before the ALJ, Plaintiff testified that she was experiencing breathing and sleeping problems and that she had undergone a sleep study. (T 30) Plaintiff did not, however, specifically refer to sleep apnea or elaborate on how her sleeping and breathing problems might present work-related functional limitations.

The ALJ agreed at the hearing to wait for medical records from Dr. Dow before making a decision, and the ALJ asked: "[a]re there any other records outstanding that you need me to wait for?"[2] (T 35) The ALJ was willing to consider additional evidence, and if Plaintiff wanted to pursue sleep apnea as a basis for disability, she could have taken the opportunity to submit the results of her sleep study–or any other evidence in support of her sleep-apnea claim.

"[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the decision considers the claimant's medical condition as a whole. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005). "Moreover, although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice before we will remand for further development of the record." Robinson v. Astrue, 365 F. App'x 993, 996 (11th Cir 2010) (citation omitted).

The ALJ's decision did not discuss sleep apnea or determine whether it would be a severe impairment, but the ALJ did consider Plaintiff's medical condition as a whole. The ALJ found that Plaintiff had the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c) (2010) and 20 C.F.R. § 416.967(c) (2010). (T 13) This finding is

---

[2] The hearing transcript indicates that Plaintiff asked whether she should wait for any other outstanding records. (T35) However, this is an apparent typographical error as the conversation implies that it was the ALJ who asked if she should wait for any outstanding records. In any event, the ALJ was clearly willing to wait for additional medical records before rendering a decision.

supported by Plaintiff's most recent RFC assessment where Dr. Kline found that Plaintiff was capable of lifting and carrying 50 pounds occasionally, lifting and carrying 25 pounds frequently, and standing or sitting for 6 hours out of an 8 hour workday. (T 281) Also, Dr. Ijewere's March 10, 2007 physical exam found only mild to moderate impairments. (T 259-61)

In sum, Plaintiff failed to meet her burden of presenting evidence to support her claim of work-related limitations due to sleep apnea. Compare Robinson, 365 F. App'x at 995-96 (rejecting Plaintiff's claims of disability due to Chronic Fatigue Syndrome ("CFS") because Plaintiff did not alleged disability due to CFS either when she filed her claim or at the administrative hearing and because the ALJ properly considered Plaintiff's medical condition as a whole), and Street v. Barnhart, 133 F. App'x 621, 627 (11th Cir. 2005) (rejecting Plaintiff's claims of disability due to mental impairments because Plaintiff did not mention such impairments in his application for SSI benefits or at the administrative hearing), with Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1219-20 (remanding because the ALJ failed to consider Plaintiff's claims of CFS that were supported by two objective medical diagnoses). Although the ALJ did not expressly evaluate whether Plaintiff had sleep apnea, the ALJ did consider Plaintiff's condition as a whole; the decision is supported by substantial evidence. Consequently, issue one does not entitle Plaintiff to a remand.

**2.     ALJ's Credibility Finding**

Plaintiff claims to have trouble with breathing, sleeping, fatigue, drowsiness, blurred vision, memory loss, mood swings, and a loss of concentration. (T 14) Plaintiff originally attributed these ailments to the various medications she was taking. (T 14, 24) The ALJ acknowledged these ailments and found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (T 15) However, the ALJ also found that Plaintiff's

allegations were entirely subjective and less than credible. (T 14-15)

Now, Plaintiff claims that the pharmacological side effects are actually symptoms of sleep apnea. Thus, Plaintiff argues that the case should be remanded because the ALJ's credibility determination is undermined by her failure to address Plaintiff's alleged sleep apnea.

The Eleventh Circuit has established a three-part "pain standard" to use when a claimant attempts to establish disability through testimony of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam).

Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted).

In evaluating Plaintiff's testimony regarding the extent of her alleged medication side effects, the ALJ found that there was limited evidence to support Plaintiff's subjective complaints and that Plaintiff's testimony was inconsistent with her day-to-day tasks in caring for young children. (T 15) The ALJ also noted instances where the symptoms were alleged, but not to the degree suggested by Plaintiff. (Id.) For example, Dr. Lawrence N. Pasman, Ph.D. ("Dr. Pasman") noted in a Mental Status Evaluation ("MSE") that Plaintiff suffered some deficit in memory capacity, but Dr. Pasman's evaluation also noted that "[Plaintiff's] speech is logical and coherent" and "[t]here is no degree of

conceptual disorganization evident." (T 254)  Additionally, in her Psychiatric Review Technique ("PRT"), Dr. Carol Deatrick, Ph.D. found no significant impairment due to a mental condition. (T 224)  As noted by the ALJ, Plaintiff's treating mental health specialist Dr. Dow stated in July 2008 that Plaintiff was functioning adequately overall. (T 15, 337)

In finding that Plaintiff failed to produce objective medical evidence confirming the severity of the alleged subjective symptoms or demonstrating a medical condition that could reasonably be expected to produce the symptoms, the ALJ articulated specific reasons supported by the record for discrediting Plaintiff's testimony.  The credibility determination is not undermined simply because the ALJ's decision did not address Plaintiff's alleged sleep apnea.  Regardless of what caused Plaintiff's alleged symptoms, the ALJ's credibility determination is supported by substantial evidence.  Issue two does not entitle Plaintiff to relief.

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **AFFIRMED** and the case is **DISMISSED**, with each party to bear its own costs and expenses; and

(2) The Clerk of the Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida on this 29th day of September, 2010.

ELIZABETH A JENKINS
United States Magistrate Judge